**Samarjeet GILL, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 14–73656

United States Court of Appeals, Ninth Circuit.

Submitted August 16, 2016 *

Filed August 24, 2016

Inna Lipkin, Esquire, Counsel, Law Offices of Inna Lipkin, Redwood City, CA.

Robert Markle, Senior Litigation Counsel, OIL, Washington, DC, Chief Counsel ICE, San Francisco, CA.

Before: O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

MEMORANDUM **

Samarjeet Gill, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistency between Gill's statement at his credible fear interview and his later statements regarding his residence in England, the omission of his most severe incident of harm at his credible fear interview, the inconsistency as to why Gill supported his political party in India, and the inconsistency as to the alleged threatening telephone calls. *See Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010) (agency's adverse credibility determination was reasonable under the "totality of circumstances"); *see also Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) ("Material alterations in the applicant's account of persecution are sufficient to support an adverse credibility finding."). The record does not support Gill's contention that the agency relied on speculation and conjecture. We reject Gill's contentions that the agency erred by relying on his credible fear interview, *see Li v. Ashcroft*, 378 F.3d 959, 962–63 (9th Cir. 2004), and his contentions that the agency did not analyze his claim properly, *see Najmabadi v. Holder*, 597 F.3d 983, 990–91 (9th Cir. 2010) (the agency need not "write an exegesis on every contention"). In the absence of credible testimony in this case, Gill's asylum and withholding of removal claims fail. *See Jiang*, 754 F.3d at 740.

Gill's CAT claim also fails because it is based on the same testimony the agency found not credible, and Gill does not point to any other evidence that compels the finding it is more likely than not he would be tortured if returned to India. *See id.* at 740–41. We reject his contention that the

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

BIA failed to analyze his CAT claim properly. *See Najmabadi*, 597 F.3d at 990.

**PETITION FOR REVIEW DENIED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.